1

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | Criminal Action |
| | * | No. 13-282 |
| Plaintiff, | * | |
| | * | Section "K" |
| v. | * | |
| | * | New Orleans, Louisiana |
| **DARRYL FRANKLIN,** | * | January 28, 2015 |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * *

**SENTENCING,
BEFORE THE HONORABLE STANWOOD R. DUVAL, JR.,
UNITED STATES DISTRICT JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Government: | U.S. Attorney's Office |
| | By:  MAURICE LANDRIEU, ESQ. |
| | 650 Poydras Street |
| | Suite 1600 |
| | New Orleans, Louisiana 70130 |
| | |
| For the Defendant: | Eddie J. Jordan, Jr., LLC |
| | By:  EDDIE J. JORDAN, JR., ESQ. |
| | 303 S. Broad Street |
| | 3rd Floor |
| | New Orleans, Louisiana 70119 |
| | |
| Court Audio Operator: | Rebecca S. Gonzalez |
| | |
| Transcriptionist: | Sherryl Robinson |
| | c/o U.S. District Court |
| | 500 Poydras Street, 2nd Floor |
| | New Orleans, Louisiana 70130 |
| | (504) 589-7724 |

Proceedings recorded by electronic sound recording,

transcript produced by transcription service.

2

**I N D E X**

| EXHIBITS: | Marked | Received |
|---|---|---|
| Pre-Sentence Report **(UNDER SEAL)** | 10 | 10 |

```
 1                    P R O C E E D I N G S

 2                  (Wednesday, January 28, 2015)

 3                     (Court is in Session)

 4           THE COURT:  Call the next case, please.

 5           THE CLERK:  Criminal Action 13-282, United States of

 6   America v. Darryl Franklin.

 7           MR. LANDRIEU:  Good morning Your Honor, Maurice

 8   Landrieu appearing on behalf of the United States.

 9           MR. JORDAN:  Good morning Your Honor, Eddie Jordan on

10   behalf of Darryl Franklin.

11           Mr. Franklin is before the Court.

12           THE COURT:  Good morning.

13           MR. JORDAN:  And ready for sentencing.

14           THE COURT:  The Court notes that the Defendant is

15   present and that counsel for the Defendant and the Government

16   have made their appearance for the record.

17           This matter is before the Court for sentencing.  Is

18   there any reason why sentence should not be imposed at this

19   time?

20           MR. LANDRIEU:  None by the Government, Your Honor.

21           MR. JORDAN:  None on behalf of Mr. Franklin, Your

22   Honor.

23           THE COURT:  Mr. Franklin, have you received a copy of

24   the pre-sentence investigation report?

25           THE DEFENDANT DARRYL FRANKLIN:  Yes, Your Honor.
```

1           THE COURT:  Have you had an opportunity to go over
2  it?
3           THE DEFENDANT DARRYL FRANKLIN:  Yes, Your Honor.
4           THE COURT:  And you've had an opportunity to go over
5  it with your attorney as well?
6           THE DEFENDANT DARRYL FRANKLIN:  Yes, Your Honor.
7           THE COURT:  Any errors, corrections or alterations,
8  Mr. Jordan, you wish to make?
9           MR. JORDAN:  No, Your Honor.
10          THE COURT:  Since the Defendant doesn't have any
11 objections that would affect the advisory guideline range, I
12 find the pre-sentence report to be accurate and uncontested,
13 and adopt the advisory guideline calculations and reasons for
14 sentencing set forth in that report.
15          The statutory maximum sentence that I may impose is a
16 term of imprisonment not less than ten years but not more than
17 life.
18          That's just to Count 1.  That's only Count 1.
19          A term of supervised release of not less than five
20 years, a fine of $10 million, a special assessment of $100, and
21 an additional fine to pay for the cost to the Government of any
22 imprisonment, probation or supervised release ordered by the
23 Court.
24          And forfeiture to the United States of any right,
25 title and interest you have in assets constituting or derived

 1   from proceeds you obtained directly or indirectly as a result
 2   of the violation to which you pleaded guilty, and of which are
 3   assets used or intended to be used in any manner or part to
 4   commit and to facilitate the commission of the violation to
 5   which you've pleaded guilty.
 6          Again, the sentencing guidelines in your case as to
 7   Count 1 is a term of imprisonment of life, a term of supervised
 8   release of not less than five years, a fine not less than
 9   $25,000 but not more than $10 million, and a special assessment
10   of $100, and an additional fee to pay for the cost to the
11   Government of any imprisonment, probation or supervised release
12   ordered by the Court.
13          To Count 2, the statutory maximum is a term of
14   imprisonment of not more than 20 years, a term of supervised
15   release of not more than three years, a fine of $250,000, a
16   special assessment of $100, and an additional fine sufficient
17   to pay for the cost to the Government of any imprisonment,
18   probation or supervised release ordered by the Court, and the
19   same forfeiture provision I just read to you.
20          The guidelines in your case provide for, under this
21   count, a term of imprisonment of 20 years, a term of supervised
22   release of not less than one year but not more than five years,
23   a fine not less than $225,000 but not more than $10 million,
24   and a special assessment of $100, and an additional fine to pay
25   for the cost to the Government of any imprisonment, probation

1  or supervised release ordered by the Court.
2          And to Count 3, the statutory maximum is -- well, it
3  would be death.
4          MR. LANDRIEU:  Correct.
5          THE COURT:  But that has not been pursued by the
6  Attorney General of the United States.
7          MR. LANDRIEU:  That's correct, Your Honor.
8          THE COURT:  Right.
9          MR. LANDRIEU:  We have filed a notice not to seek the
10 death penalty in connection with this case.
11         THE COURT:  So in your case it would be imprisonment
12 for any term of years or for life; a term of supervised release
13 of not more than five years, a fine of $250,000, a special
14 assessment of $100, and additional fines to pay the cost to the
15 Government of any imprisonment, probation or supervised release
16 ordered by the Court, and the forfeiture provision that I have
17 read to you earlier.
18         The sentencing guidelines in your case provide for a
19 term of imprisonment of 20 years, a term of supervised release
20 of not less than two years, but not more than five years, a
21 fine not less than $250,000, but not more than $10 million, a
22 special assessment of $100, and again, an additional fine to
23 pay for the cost to the Government of any imprisonment,
24 probation or supervised release ordered by the Court.
25         All right, Mr. Franklin and Mr. Jordan, each of you

1  can speak to the Court, if you wish, before I impose
2  punishment.
3           MR. JORDAN:  Thank you, Your Honor.
4           THE COURT:  If there's anything you wish to say.
5  You're certainly not obligated to.
6           THE DEFENDANT DARRYL FRANKLIN:  I would like --
7           THE COURT:  Go ahead Mr. Franklin.
8           THE DEFENDANT DARRYL FRANKLIN:  I would like to
9  apologize the victim's family and to my family also for the
10 trouble that I have caused them.  And that to let you know that
11 I'm ready and willing to receive my punishment for what I have
12 done.
13          THE COURT:  Thank you, sir.
14          MR. JORDAN:  Your Honor, I would add that
15 Mr. Franklin accepted responsibility for his conduct very early
16 in his proceedings, and he has expressed remorse.  And Your
17 Honor, we're well aware of the seriousness of the acts that are
18 charged that he has pled guilty to; and we would simply ask
19 that the Court show mercy.
20          THE COURT:  Thank you.
21          Anything, Mr. Landrieu?
22          MR. LANDRIEU:  Yes, sir, Your Honor.  We did reach
23 out to the victim's families in connection with this case, the
24 Broussard family and the Celestine's family, and they have
25 asked me just to say a couple of words on their behalf.

1           THE COURT: Certainly, sir.
2           MR. LANDRIEU: Some of them are not going to show up
3  today, not because they didn't care, but because it was just
4  too emotional for them to do so. They have been devastated by
5  the loss of their loved ones, and they know what the guidelines
6  are, and I have gone over the guidelines with those individuals
7  that I have spoken to.
8           And they respect those guidelines and understand that
9  the Court will probably impose a sentence in connection with
10 that range.
11          THE COURT: Yes, sir.
12          The Court has gone over the factors in 3553(a), which
13 are retribution deterrence incapacitation to protect the public
14 from further crimes and rehabilitation.
15          I'm further instructed to consider the following
16 other factors; the nature and circumstance of the offense and
17 the history and characteristics of the Defendant, the kinds of
18 sentences available, the guidelines and policy statements
19 issued by the Sentencing Commission, including the advisory
20 guideline range, the need to avoid unwarranted sentencing
21 disparity, and the need to provide restitution where
22 applicable.
23          The Court has carefully reviewed the PSR in detail,
24 and obviously, these are extremely serious crimes. How
25 Mr. Franklin got caught up in all of this is another story. It

1   would take greater forces than I to resolve, but it's up to
2   this Court to enforce the law fairly, considering the victims
3   involved.
4           And pursuant to the Sentencing Reform Act of 1984 and
5   considering the provisions found in 18 USC 3553, it is the
6   judgment of this Court that the Defendant, Darryl Franklin, is
7   hereby committed to the custody of the United States Bureau of
8   Prisons to be imprisoned for a term of life.
9           This term consists of life as to Counts 1 and 3 and
10  240 months as to Count 2, all to be served concurrently.
11          The sentence of life imposed reflects the seriousness
12  of the offense and the nature of the circumstance of the
13  offense, protects the public from further crimes that you may
14  commit, and promotes respect for the law and affords adequate
15  deterrence of criminal conduct.
16          If the Defendant happens to be released from
17  imprisonment, the Defendant should be placed on supervised
18  release for a term of five years.  Within 72 hours of release
19  from the custody of the United States Bureau of Prisons, the
20  Defendant shall report in person to the probation office in the
21  district to which the Defendant is released.
22          And while on supervised release, the Defendant shall
23  not commit any federal, state or local crimes.  He shall be
24  prohibited from possessing a firearm, ammunition, destructive
25  device, or any other dangerous weapon.  The Defendant shall not

1   possess a controlled substance, shall cooperate in the
2   collection of DNA, and he shall comply with all other standard
3   conditions of supervised release, including the following
4   special conditions:
5           He shall complete the high school equivalency test;
6   vocational training that will equip him for suitable
7   employment; he shall maintain fulltime employment; and refrain
8   from associated with gang members.
9           The pre-sentence report, except the probation
10  officer's confidential sentencing recommendations, are made
11  part of the record and filed under seal.
12          It is ordered that any right, title and interest you
13  have in assets constituting or derived from proceeds you
14  obtained directly or indirectly as a result of the violation to
15  which you've pleaded guilty or which are assets used or
16  intended to be used in any manner or part to commit and to
17  facilitate the commission of the violation to which you've
18  pleaded guilty are hereby forfeited to the United States.
19          Any motions in this case?
20          MR. LANDRIEU:  No, sir.
21          THE COURT:  So at this time I wish to advise you that
22  you have waived your right to appeal your sentence and
23  conviction in this matter, except you may appeal your sentence
24  if you can show you were deprived of certain Constitutional
25  rights, including the effective assistance of counsel;

1  otherwise, you have no right to appeal.
2              As part of your plea you waive the post-conviction
3  remedies afforded to you pursuant to USC 2255.
4              It is ordered that Mr. Darryl Franklin be remanded to
5  the custody of the United States Marshal.
6              MR. LANDRIEU:  Thank you, Your Honor.
7              MR. JORDAN:  Thank you, Your Honor.
8              THE COURT:  Oh, and this may have just been left out,
9  but we do have a -- and thank you for -- it doesn't.
10             Thank you, Mr. Oser.
11             We also have to -- are mandatory obligated to impose
12 a special assessment fee of $100.
13             MR. LANDRIEU:  Yes, sir.
14             THE COURT:  Thank you, Dean.
15             THE CLERK:  Thank you.
16             THE COURT:  Very good.  We're going to take a ten
17 minute recess and then take up the civil matter.
18                        *   *   *   *   *
19                        (Hearing is Concluded)
20
21
22
23
24
25

**C E R T I F I C A T E**

      I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

**S/Sherryl P. Robinson**             **_6/18/15_**
**Sherryl P. Robinson**               **Date**